IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Larry Gene Martin, Jr., | ) | C/A No. 4:05-2309-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER and OPINION** |
| | ) | |
| Amy Stack, Nursing Supervisor of the | ) | |
| J. Reuben Long Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Larry Gene Martin, Jr. is an inmate confined to the Lieber Correctional Institution in Ridgeville, South Carolina. The events leading to the underlying lawsuit occurred when Plaintiff was formerly confined to the J. Reuben Long Detention Center ("JRLDC") in Horry County, South Carolina. Plaintiff filed this action, *pro se*, pursuant to 42 U.S.C. § 1983, alleging that Defendant Amy Stack, a nurse at the JRLDC, violated his constitutional rights by preventing access to adequate dental care while he was awaiting trial on criminal charges. Additionally, Plaintiff raises numerous state law claims.

This matter is before the court on Defendant's motion for summary judgment filed on January 9, 2006. By order filed January 12, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On January 25, 2006, Plaintiff filed a response in

opposition to Defendant's motion for summary judgment.[1]  Plaintiff filed an additional response in opposition to Defendant's motion for summary judgment on June 8, 2006.

In accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2)(d), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.  The Magistrate Judge filed a Report and Recommendation on June 15, 2006 in which he recommended that Defendant's motion for summary judgment be denied.  Defendant filed objections to the Report and Recommendation on June 30, 2006.  On July 12, 2006, Plaintiff filed a number of affidavits in response to Defendant's objections.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge.  28 U.S.C. § 636(b)(1)(C).  The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.  The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  Id.  However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

---

[1] On January 24, 2006, Plaintiff filed an affidavit in support of his response.  See ECF Entry # 11.

## I. FACTS

The facts of the within lawsuit are thoroughly detailed in the Report and Recommendation of the Magistrate Judge. See Report and Recommendation, 5-10. In short, as a pre-trial detainee at JRLDC Plaintiff complained to JRLDC officials of pain in his mouth due to several damaged teeth. Complaint, 3. Plaintiff filed a series of requests with health officials to see a dentist. Id.[2] On September 9, 2004, Plaintiff was seen by a dentist and had three teeth extracted. Id. Plaintiff was prescribed a pain killer. Id. Plaintiff received additional pain killers after complaining of pain the next day. Id.

Still reporting pain in his mouth, Plaintiff requested to be seen by the dentist again on September 14, 2004. Id.; see also Defendant Motion for Summary Judgment, Ex. 9-6, 10. Plaintiff received a pain killer. Id. Plaintiff again complained of pain to the nursing staff on October 24, 2004. Id.; see also Defendant's Motion for Summary Judgment, Ex. 9-6, 11. On November 4, 2004, Plaintiff was seen by a dentist who removed an additional tooth and ordered that Plaintiff receive Tylenol for tooth pain. Id.

The following day, Plaintiff complained of pain and again asked to be seen by the dentist. Id. During the following weeks, Plaintiff proceeded to file additional requests to see the dentist. Defendant's Motion for Summary Judgment, Ex. 9-6, 13-16.

On December 6, 2004, Plaintiff was examined by the dentist. Complaint, 3-4. In records provided by Defendant, the dentist noted that Plaintiff required the extraction of an additional tooth.

---

[2] According to both parties, when an inmate at JRLDC complains of tooth pain, the inmate may request to see a dentist by submitting a form to health service staff. Complaint, 3; Affidavit of Nurse Stack, 1-2.

3

Defendant's Motion for Summary Judgment, Ex. 9-6, 17. The dentist also asked that Plaintiff be provided with Tylenol for pain. Id.

On December 9, 2004, Plaintiff complained of pain and again requested to see the dentist. Id. at 20. Plaintiff was seen by a nurse who indicated in medical records provided by Defendant that Plaintiff was suffering from cavities. Id. Plaintiff was placed on a list to see the dentist and prescribed a painkiller. Id. Though Plaintiff did not see the dentist for several months, documentation provided by Defendant indicates that Plaintiff received painkillers daily from December until May of 2005. Attachment to Defendant's Objections to Report and Recommendation, ECF Entry 31-1, 1-6.[3]

After several months elapsed without referral to a dentist,[4] Plaintiff avers that he filed a grievance with prison authorities in April, 2004. Complaint, 3-4. Plaintiff claims that he was then seen by a health professional on April 12, 2005 but fails to articulate what treatment, if any, he received beyond the continued receipt of painkillers. Id. at 4. Plaintiff again requested to see the

---

[3] The Magistrate Judge did not have the benefit of reviewing these medical records as they were provided to the court for the first time as an attachment to Defendant's objections to the Report and Recommendation. The failure to produce these documents prior to the Magistrate Judge's issuance of the Report and Recommendation is significant. These documents indicate that Plaintiff received ongoing medical care pending his third visit to the dentist thus directly addressing the factual basis for the Magistrate Judge's recommendation that summary judgment be denied because "an issue of fact exists as to whether or not [Defendant] intentionally delayed access to dental care for Plaintiff while [Plaintiff] was in pain." Report and Recommendation, 14. This documentation also addresses the factual basis for the Magistrate Judge's recommendation that an issue of fact exists as to "whether or not the delay in plaintiff receiving dental treatment can be considered deliberate indifference." Id.

[4] Plaintiff also alleges that another inmate at the JRLDC was permitted to see the dentist before Plaintiff, despite the fact that the other inmate filed a request to see the dentist after Plaintiff filed his request. Plaintiff's Response to Defendant's Motion for Summary Judgment filed January 25, 2006 , ECF Entry 12-1, 4-5.

dentist on May 1, 2005. Defendant's Motion for Summary Judgment, Ex. 9-6, 21. According to Defendant, Plaintiff was scheduled to see the dentist on May 31, 2005. Affidavit of Nurse Slack, 3. While Plaintiff contends that he never attended this appointment, Plaintiff notes that he visited the dentist on May 3, 2005. Plaintiff's Response to Interrogatories, ECF Entry 9-3, 8; Plaintiff's Response to Defendant's Motion for Summary Judgment filed June 8, 2006 , 5.

Defendant responds to Plaintiff's allegations by arguing that the she adequately addressed Plaintiff's medical needs. Motion for Summary Judgment, ECF Entry 9-2, 2. Defendant avers that Plaintiff was repeatedly seen by nurses and saw a dentist on several occasions. Id. at 4. Defendant claims that Plaintiff's failure to see a dentist sooner was a product of the JRLDC "dental list policy" which provides that dental visits are scheduled for inmates on a "first come- first serve basis." Id. (quoting affidavit of Defendant). Further, Defendant avers that any delay was exacerbated by the regular JRLDC dentist's inability to see inmates for several months due to the dentist's back problems. Id. at 5. As a result, Defendant needed to locate a new dentist and schedule inmate appointments in accord with the new dentist's schedule. Id. Given that "other inmates were ahead of [Plaintiff] on the [dental] list" and because Plaintiff had visited a dentist on at least two prior occasions as a JRLDC inmate, Defendant claims to have given available dental appointment times to other inmates. Id.

## II. LAW/DISCUSSION

A pre-trial detainee's rights with respect to claims of deliberate indifference to serious medical needs are protected by the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment. Hill v. Nicodemus, 979 F.2d 987, 990-92 (4th Cir.1992). However, a pretrial

detainee alleging a due process violation based on a prison official's failure to provide adequate medical care has rights co-extensive with a convicted prisoner's Eighth Amendment rights. Id.

In Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations omitted), the United States Supreme Court held that "deliberate indifference to the serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." See also Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A prisoner establishes deliberate indifference to a serious medical need by showing that the treatment is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851. Mere negligence in treating a prisoner, medical malpractice, and disagreement with the type and amount of medical treatment do not constitute constitutional violations. Estelle, 429 U.S. at 107; Miltier, 896 F.2d at 851; Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988).

Even viewing the facts and reasonable inferences in the light most favorable to Plaintiff, the court finds that no reasonable jury could conclude that Defendant was deliberately indifferent to Plaintiff's serious medical needs. See Estelle, 429 U.S. at 106. Despite the severity of Plaintiff's alleged ailments, the record reflects that Plaintiff received dental care on several occasions during his pre-trial detention. This care included repeated visits to the nursing staff and at least three visits to a dentist. Moreover, the undisputed record indicates that Plaintiff was treated with painkillers and had several dental procedures performed in an effort to address his complaints.

Plaintiff has presented no evidence to show that his medical treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851. Plaintiff appears to have issue with the type and amount of his

medical treatment, which is not a constitutional violation. See Jackson, 846 F.2d at 817. The undisputed record indicates that Plaintiff received treatment for pain and was seen by a dentist on at least three occasions. Though Plaintiff may raise a claim that this treatment was negligent, a valid claim of medical malpractice is not necessarily enough to constitute a violation of due process. Estelle, 429 U.S. at 107. Therefore, the court concludes no genuine issue of material fact exists as to whether Defendant was deliberately indifferent to Plaintiff's serious medical needs such that Plaintiff's treatment fell below a constitutional minimum. Defendant is entitled to judgment as a matter of law. See Estelle, 429 U.S. at 106; Fed. R. Civ. P. 56.

The court notes that even if a question of material fact existed as to Defendant's alleged deliberate indifference to Plaintiff's medical complaints, Plaintiff fails to articulate a medical need "sufficiently serious" to constitute a due process violation. Medical records provided by both parties indicate that Plaintiff suffered from numerous cavities and tooth decay serious enough to necessitate the extraction of certain of Plaintiff's teeth. See Defendant's Motion for Summary Judgment, Ex. 9-6, 16; Plaintiff's Response to Defendant's Motion for Summary Judgment filed June 8, 2006, 9-21. However, despite the acknowledgment that Plaintiff may need more teeth pulled, nothing in the medical records indicates that Plaintiff's complaints or required treatments were so serious as to warrant expedited treatment or prescriptions greater than ibuprofen. Id. While Plaintiff contends in his response to Defendant's Motion for Summary Judgment that he suffered from abscesses, the medical records fail to corroborate this contention.

The court next turns to any claims remaining under South Carolina state law. Title 28 U.S.C. § 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction . . .[if] the district court has dismissed all claims over which it has original jurisdiction . . . ." Battle v.

Seibels Bruce Ins. Co., 288 F.3d 596, 606 n.15 (4th Cir. 2002). Having disposed of Plaintiff's federal law claims, the court declines to exercise jurisdiction over Plaintiff's remaining state law claims alleging negligence and medical malpractice and orders that any state law claims be dismissed without prejudice.

### III. CONCLUSION

For the reasons stated, the court declines to adopt the report the recommendation of the Magistrate Judge and **grants** Defendant's motion for summary judgment as to Plaintiff's federal law claims. All claims against Defendants based in state law are **dismissed** without prejudice. Plaintiff's complaint is not deemed a "strike" under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

July 27, 2006
Columbia, South Carolina